UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-80049-CR-DAMIAN

UNITED STATES OF AMERICA,

Plaintiff,

vs.

WILLIE JAMES SKIPPER, JR.,

Defendant.
____________________________________/

**OBJECTIONS TO DRAFT PRESENTENCE INVESTIGATION REPORT**

Willie James Skipper, Jr., through counsel, respectfully submits the following objections to the draft presentence investigation report (PSI) (DE 83).

**1. Offense Conduct**

Mr. Skipper objects to paragraphs 11–24 of "Offense Conduct" section of the draft PSI which purport to detail the facts of the instant case—specifically as they relate to the November 1, 2025 incident, as well as the enhancements (*see e.g.*, PSI ¶¶ 34 and 37) applied on the basis of those alleged facts. Mr. Skipper denies the assertions contained in each of these paragraphs. He proceeded to trial on Counts 4, 5, 6, and 7, which relate to the November 1, 2025 incident, and preserves these objections for purposes of further review.

**2. Adjustment for Obstruction of Justice**

Mr. Skipper objects to the two-level enhancement set forth in paragraph 26 and 37 of the draft PSI. Paragraph 26 states that "[a]s [Mr. Skipper] willfully

attempted to obstruct or impede the administration of justice with respect to the investigation by setting a vehicle containing evidence on fire, a two-level enhancement applies, pursuant to § 3C1.1." *See* PSI ¶ 26. Even accepting the assertion that the vehicle was set on fire to conceal evidence—which Mr. Skipper contests—U.S.S.G. § 2K1.4 already accounts for this conduct in its specific offense characteristics. *See* U.S.S.G. § 2K1.4(b)(1) (specific offense characteristic stating that if the offense was committed to conceal another offense, increase by two levels). Therefore, applying an additional enhancement for obstruction of justice is duplicative.[1] *See United States v. Matos-Rodriguez*, 188 F.3d 1300, 1309 (11th Cir. 1999) ("Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines.").

In other words, Mr. Skipper is essentially being punished thrice—once for the underlying charge of arson (which incorporates the specific offense characteristic to conceal another offense). a second time for the adjustment of obstruction of justice to conceal evidence, and a third time for the adjustment for using violence pursuant to § 2D1.1(b)(2). *See e.g.*, *United States v. Clark*, 316 F.3d 210, 213 (3d Cir. 2003) ("Here, the conduct that is cited as an obstruction is actually activity that is part of the underlying charged offense. . . . We conclude that the production of the counterfeit

[1] Indeed, Mr. Skipper is punished more than twice for the alleged conduct because he also received another two-level enhancement for the same conduct pursuant to U.S.S.G. § 2D1.1(b)(2). *See* PSI ¶ 34 (applying a two-level enhancement for specific offense characteristic for "us[ing] violence, ma[king] a credible threat to use violence, or direct[ing] the use of violence").

birth certificate was coterminous with the offense to which defendant pleaded guilty. Consequently, it cannot be the basis of an obstruction of justice enhancement.").

Mr. Skipper does not object to the portion of paragraph 26 of the PSI that indicates that he did not testify at trial. This is correct. He also pled guilty to Counts 1 and 3 of the Indictment.

**3. Guideline Calculations**

The draft PSI finds that Mr. Skipper is accountable for a converted drug weight of 355.09 kilograms, resulting in a base offense level of 24. Mr. Skipper objects to this calculation for the reasons that follow.

At trial, Mr. Skipper and the government agreed and jointly stipulated that qualified forensic chemists of the Palm Beach County Sheriff's Office Forensic Sciences and Technology Facility would have testified that based on their training, experience, and standardized substance testing analysis, they determined to a reasonable degree of scientific certainty that Exhibits 4, 5, 17, and 20 presented at trial contain a mixture and substance of the following amounts of the specified controlled substances under federal law: 3.1871 grams of ***cocaine***; 0.3998 grams of N, N-Dimethypentylone; 84.23 grams of ***cocaine***; and 11.3108 grams of ***cocaine***, and 1.0102 grams of Fentanyl.[2] *See* DE 70-29, Government Trial Exhibit 40. Accordingly, the total combined drug quantities are: 98.7279 grams of cocaine, 0.3998 grams of N,

---

[2] Additionally, as to Counts 1 and 3, Mr. Skipper and the government again agreed that the government would have proven that Mr. Skipper was in possession of the following controlled substances and amounts: 0.3469 grams of N-Dimethylpentalone and 3.1871 grams of ***cocaine***. *See* DE 81.

N-Dimethypentylone, and 1.10102 grams of Fentanyl.

The PSI relies on the converted drug weight for 98.7278 grams of ***cocaine base*** rather than 98.7279 grams of ***cocaine***--despite the Parties' stipulation. Pursuant to the Sentencing Guidelines' drug conversion table, 98.729 grams of cocaine is 19.745.58 kilograms of converted drug weight. *See* U.S.S.G. § 2D1.1. That plus the other converted drug weights provided in the PSI in paragraph 33 result in a total drug weight of 22.28053 kilograms. This results in a base offense level of 16. Accordingly, Mr. Skipper respectfully objects to the base offense level as the calculation is based on cocaine base rather than cocaine.

Respectfully submitted,

HECTOR A. DOPICO
FEDERAL PUBLIC DEFENDER

By: *_/s/ Sogol Ghomeshi_*_____________
Sogol Ghomeshi
Assistant Federal Public Defender
Florida Bar No.: 1002979
150 W. Flagler Street, Suite 1500
Miami, Florida 33130-1556
Tel: (305) 530-7000
E-mail: sogol_ghomeshi@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on **September 16, 2026**, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*/s/ Sogol Ghomeshi*
Sogol Ghomeshi